

**Dated: September 6, 2018**

**The following is ORDERED:**

_Sarah A Hall_
Sarah A Hall
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| POSTROCK ENERGY CORPORATION, et al. | ) | Case No. 16-11230-SAH |
| | ) | Chapter 11 |
| Debtors. | ) | (Jointly Administered) |
| _____ | ) | |
| | ) | |
| STEPHEN J. MORIARTY as Chapter 11 | ) | |
| Trustee of Post Rock Energy Corporation, | ) | |
| et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. 18-01026 |
| | ) | |
| THOMAS EDELMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON THOMAS EDELMAN'S MOTION TO DISMISS WITH BRIEF
IN SUPPORT AND NOTICE OF OPPORTUNITY FOR HEARING [DOC. 6]**

Before the Court are the:

1.     Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548 and

550 and to Disallow Claims Pursuant to 11 U.S.C. § 502 [Doc. 1], filed on March 30, 2018 (the

"Complaint"), by Stephen J. Moriarty, as chapter 11 trustee ("Trustee") for PostRock Energy

Corporation, et al. (collectively, the "PostRock Debtors");

2.     Thomas Edelman's Motion to Dismiss with Brief in Support and Notice of

Opportunity for Hearing [Doc. 6], filed on July 6, 2018 (the "Motion"), by defendant Thomas

Edelman ("Edelman");

3.     Plaintiff's Response to Thomas Edelman's Motion to Dismiss with Brief in

Support [Doc. 11], filed on August 17, 2018 (the "Response"), by Trustee; and

4.     Thomas Edelman's Reply to Trustee's Response [Doc. 11] to Edelman's Motion

to Dismiss [Doc. 6] with Brief in Support [Doc. 12], filed on August 22, 2018 (the "Reply"), by

Edelman.

## OVERVIEW

On April 1, 2016 (the "Petition Date"), each of the six PostRock Debtors commenced a

bankruptcy case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy

Code.[1]  On the same day, the Court entered an order authorizing joint administration of the

PostRock Debtors' chapter 11 cases for procedural purposes pursuant to Federal Rule of

Bankruptcy Procedure 1015(b), but not consolidating the estates.  Also on April 1, 2016, secured

creditor Citibank, N.A. filed an Agreed Motion for Entry of an Order Appointing a Chapter 11

Trustee [Doc. 11] pursuant to 11 U.S.C. § 1104(a)(2).  On April 7, 2016, the Court entered an

---

[1]The six debtors are PostRock Energy Corporation, the parent corporation, which owns
directly, or indirectly, PostRock Energy Services Corporation, PostRock MidContinent
Production LLC, PostRock Eastern Production, LLC, PostRock Holdco,LLC, and STP Newco,
Inc.

order granting Citibank's Agreed Motion [Doc. 66] and, on April 8, 2016, Trustee was appointed the chapter 11 trustee in these jointly administered cases [Doc. 75].

Trustee filed this Complaint, and nine others similar to it, asserting causes of action under 11 U.S.C. §§ 547, 548 and 550 to avoid and recover a certain transfer as either a preferential or fraudulent transfer and under 11 U.S.C. § 502(d)&(j)[2] to disallow claims.  Edelman's Motion argues Trustee's alleged causes of action do not satisfy the "Twombly/Iqbal plausibility standard" of pleading, and thus, the Complaint should be dismissed for failure to state a claim for relief.  As could be expected, the Response argues the opposite, but Trustee fails to adequately rebut the arguments that his Complaint is deficient.  As discussed below, the Complaint muddles the two causes of action for preferential transfers and fraudulent transfers, omits critical information, and makes numerous legal conclusions without facts to support them.  Therefore, the Motion must be granted.[3]

## JURISDICTION

The Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409.  Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a), and this is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(B), (F) and (H).

---

[2]Unless otherwise indicated, hereafter all references to sections are to the Bankruptcy Code, Title 11 of the United States Code.

[3]In light of the fact that there are ten similar complaints, the Court is disappointed that Trustee and his counsel did not take more care and pay more attention to detail in drafting them. Perhaps if they had done so, ten motions to dismiss for failure to state a claim, and ten orders by the Court granting the motions to dismiss, would not have been necessary.

## STANDARDS GOVERNING RULE 12(b)(6) MOTIONS TO DISMISS

A plaintiff bears the burden to frame a complaint with enough factual matter to suggest that he or she is entitled to relief.  Fed. R. Civ. P. 8.; Fed. R. Bankr. P. 7008; Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008).  Although Rule 8 does not require "detailed factual allegations," it demands more than unadorned accusations that the defendant unlawfully harmed the plaintiff.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  To survive a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure, made applicable here pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure, "a plaintiff must include in the complaint 'enough facts to state a claim to relief that is ***plausible*** on its face.'" Barenburg v. Burton (In re Burton), 2010 WL 3422584, *2 (10th Cir. 2010) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (emphasis added).  This standard requires that factual allegations be sufficient to raise a right to relief above mere speculation.  Twombly, 550 U.S. at 555.  See also, The Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (stating complaint must give the court reason to believe that the plaintiff has a reasonable likelihood of mustering factual support for the claims raised).

Bare legal conclusions and simple recitations of the elements of a cause of action do not satisfy this standard.  Twombly, 550 U.S. at 555, 568; Iqbal, 556 U.S. at 678 ("tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  A court must evaluate a motion to dismiss to determine whether the complaint alleges sufficient facts supporting all of the elements necessary to establish an entitlement to relief under the claims raised.  Lane v. Simon, 495 F.3d 1182, 1186 (10th Cir. 2007).  As summarized by the Tenth Circuit:

4

> To survive dismissal under Rule 12(b)(6) for failure to state a
> claim, plaintiffs must "nudge[ ] their claims across the line from
> conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S.
> 544, 570 (2007). While factual assertions are taken as true, legal
> conclusions are not. A plaintiff is "not required to set forth a prima
> facie case for each element, [but] is required to set forth plausible
> claims." Khalik, 671 F.3d at 1193. "A claim has facial plausibility
> when the [pleaded] factual content . . . allows the court to draw the
> reasonable inference that the defendant is liable for the misconduct
> alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Cook v. Baca, 512 F. App'x. 810, 821 (10th Cir. 2013).

The Tenth Circuit has interpreted the Supreme Court's use of the term "plausibility" to

"refer to the scope of the allegations in a complaint" rather than to mean "likely to be true."

Robbins, 519 F.3d at 1247. Thus, "if [a complaint's allegations] are so general that they

encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged

their claims across the line from conceivable to plausible." Robbins, 519 F.3d at 1247 (internal

quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff

plausibly (not just speculatively) has a claim for relief." Robbins, 519 F.3d at 1247. "This

requirement of plausibility serves not only to weed out claims that do not (in the absence of

additional allegations) have a reasonable prospect of success, but also to inform the defendants of

the actual grounds of the claim against them." Robbins, 519 F.3d at 1248. The Tenth Circuit has

instructed that "the degree of specificity necessary to establish plausibility and fair notice, and

therefore the need to include sufficient factual allegations, depends on context," and further, that

whether a defendant receives fair notice "depends on the type of case." Robbins, 519 F.3d at

1248. In ruling on Edelman's Motion, this Court is mindful that it must construe the Complaint

in the light most favorable to Trustee, taking as true all factual allegations and making all

5

reasonable inferences in Trustee's favor that can be drawn from the pleadings.  Casanova v.

Ulibarri, 595 F.3d 1120, 1124 (10th Cir. 2010); Burton, 2010 WL 3422584, *3.

## STATEMENT OF FACTS FROM TRUSTEE'S COMPLAINT

### *Facts Applicable to Both Causes of Action*

1.      The PostRock Debtors' financial difficulties that led to the decision to file

bankruptcy are attributable to a combination of factors, all of which placed significant stress on

the PostRock Debtors' liquidity position in the years leading up to the Petition Date.

2.      During the year preceding the Petition Date, April 1, 2015 - March 1, 2016 (the

"Preference Period"), the PostRock Debtors continued to operate their business affairs.

3.      During the course of their relationship, the PostRock Debtors made a certain

payment to Edelman of an interest of the PostRock Debtors' property (the "Transfer").  The

details of the Transfer to Edelman is:

| DATE | PAYMENT |
|------|---------|
| 12/04/2015 | $23,333.00 |

4.      Edelman was, at all relevant times, an "insider" of the PostRock Debtors, as that

term is defined by Section 101(31) of the Bankruptcy Code.

### *Additional Facts Applicable to Count I - Section 547 Avoidance of Preferential Transfers*

5.      Edelman "was a creditor at the time of each Transfer for which the PostRock

Debtor(s) were obligated to pay following delivery in accordance with the Agreements or by

virtue of otherwise holding a debt owed by one or more of the PostRock Debtors."

6.      "Each Transfer was to or for the benefit of a credit[or] within the meaning of [Section] 547(b)(1), because each Transfer either reduced or fully satisfied a debt or debts then owned by the PostRock Debtor(s)."

7.      "Each transfer was made for, or on account of, an antecedent debt or debts owed by PostRock Debtor(s) to [Edelman] before such Transfers were made."

8.      "Each Transfer was made while the PostRock Debtors were insolvent.  [Trustee] is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to [Section] 547(f)."

9.      "Each Transfer was made during the Preference Period."

10.      "As a result of each Transfer, [Edelman] received more than [he] would have received if:  (i) the PostRock Debtors' case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) [Edelman] received payment of its debts under the provisions of the [Code].  As evidenced by the PostRock Debtors' schedules filed in the underlying bankruptcy case as well as the proof of claim that have been received to date, the [PostRock] Debtors' liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims from the PostRock Debtors' bankruptcy estate."

11.      "In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b)."

### *Additional Facts Applicable to Count II - Section 548 Fraudulent Transfers*

12.      "To the extent one or more of the Transfers was not made on account of an antecedent debt, was a prepayment for goods and/or service subsequently received, or was a

transfer made by one PostRock Debtor without a corresponding transfer into the payment account by the PostRock Debtor incurring the debt, Trustee pleads in the alternative that the [PostRock] Debtor(s) making such transfer(s) did not receive reasonably equivalent value in exchange for such transfer(s)."

13.    "The PostRock Debtors were insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or [t]he Post Rock Debtors were engaged, or about to engage, in business or a transaction for which any property remaining with the Debtors or for whose benefit the Transfer(s) was made was an unreasonably small capital; or [t]he PostRock Debtors intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity."

## CONCLUSIONS OF LAW

### I.    TRUSTEE'S COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM UNDER SECTION 547 OF THE BANKRUPTCY CODE.

Trustee's first claim for relief is under Section 547(b) to avoid the Transfer as a preference.  Section 547 "prevents individual creditors from dismembering the assets of the debtor in a manner that negatively impacts other creditors, and it allows all creditors to obtain a more equitable distribution of the assets of the debtor."  Bailey v. Big Sky Motors, Ltd. (In re Ogden), 314 F.3d 1190, 1196 (10th Cir. 2002).  A transfer is avoidable under Section 547(b) if the transfer (i) is of an interest of the debtor in property, (ii) for the benefit of a creditor, (iii) made for or on account of an antecedent debt owed by the debtor before the transfer was made, (iv) while the debtor is insolvent, (v) on or within 90 days before the date the bankruptcy petition was filed, and (vi) allows the creditor to receive more than the creditor would otherwise

be entitled to receive from the bankruptcy estate.  Ogden, 314 F.3d at 1196 (citing 11 U.S.C.

§ 547(b) and Jobin v. McKay (In re M & L Business Mach. Co., Inc.), 84 F.3d 1330, 1339

(10th Cir. 1996)).  Section 547(b)(4)(B) extends the definition of preferential transfer to include

any transfer of an interest of the debtor in property made between ninety days and one year before

the date of the filing of the petition, if such creditor was an insider.  An insider "includes[,] if the

debtor is a corporation[:]  director of the debtor; officer of the debtor; person in control of the

debtor; partnership in which the debtor is a general partner; general partner of the debtor; or

relative of a general partner, director, officer, or person in control of the debtor." Anstine v. Carl

Zeiss Meditec AG (In re U.S. Medical, Inc.), 531 F.3d 1272, 1276 (10th Cir. 2008) (citing

11 U.S.C. § 101(31)).  Additionally, Section 547(f) provides that insolvency of the debtor is

presumed "on and during the 90 days immediately preceding the date of the filing of the

petition," i.e., during the preference period defined in Section 547(b)(4)(A).

In order to satisfy the minimum pleading requirements of Iqbal and Twombly,

> [a]t the very least, the rules of procedure require the pleader of a
> preferential or fraudulent transfer claim to reasonably identify the
> types of transfers sought to be avoided.  Some courts have held that
> such identification must include the amount and date of the
> transfers together with the name of the transferor and transferee.

Spradlin v. Pryor Cashman LLP (In re Licking River Mining, LLC), 565 B.R. 794, 803-04

(Bankr. E.D. Ky. 2017) (citing State Bank & Trust Co. v. Spaeth (In re Motorwerks, Inc.),

371 B.R. 281, 292-93 (Bankr. S.D. Ohio 2007) (other citations omitted)).  Additionally, a

complaint under Section 547(b) must also identify the nature and amount of the antecedent debt

in order to plausibly state a claim for relief.  Angell v. Ber Care, Inc. (In re Caremerica, Inc.),

409 B.R. 737, 751 (Bankr. E.D. N.C. 2009) (trustee must "assert facts supporting the existence of

9

an antecedent debt owed" by the debtor to the defendant).  A preferential transfer complaint must also contain sufficient factual allegations to show that the debtor's insolvency is plausible. Caremerica, 409 B.R. at 752 ("Without factual assertions in support of the debtor's insolvency, however, the trustee's conclusory statement fails to satisfy the first prong under *Iqbal*."). "[T]hreadbare allegations regarding a debtor's insolvency are insufficient to satisfy *Iqbal* and *Twombly*."  LTF Real Estate Co., Inc. v. Expert South Tulsa, LLC  (In re Expert South Tulsa, LLC), 522 B.R. 634, 653 (10th Cir. BAP 2014).

As stated above, in ruling on the Motion, the Court must accept all well-pled facts of the Complaint as true, but not legal conclusions without supporting factual allegations.  Tronox, Inc. v. Anadarko Petroleum Corp. (In re Tronox Inc.), 429 B.R. 73, 90 (Bankr. S.D. N.Y. 2010) (quoting McHale v. Citibank (In re 1031 Tax Group, LLC), 420 B.R. 170, 190 (Bankr. S.D. N.Y. 2009) ("A court must discount legal conclusions clothed in factual garb")).  The Complaint does not sufficiently allege facts, but instead makes conclusory allegations without underlying substance.  Because the Complaint primarily regurgitates the elements of Trustee's alleged cause of action, it does not permit this Court to infer that the Transfer might ***plausibly*** be a preferential transfer.

Initially, the Court notes that the Complaint identifies one Transfer and states that the "Transfer is avoidable pursuant to 11 U.S.C. § 547(b)."  See Fact ¶ 11 above.  The Complaint identifies the date and amount of the Transfer and Edelman as the transferee.  But, many other critical pieces of information about the Transfer are missing.  First, because the "PostRock Debtors" consist of six different entities, which have been joined for procedural purposes only, the Complaint does not adequately identify the transferor.  Second, there is no description of the

allegedly antecedent debt owed to Edelman by one of the PostRock Debtors that resulted in the Transfer.  As a result, the following pertinent questions are not answered:  which PostRock Debtor incurred the debt, what was the nature of the debt, when was the debt incurred, and what was the amount of such debt?

Additionally, the Complaint is inadequate as to the element of the relevant PostRock Debtor's insolvency required by Section 547(b)(3).  The Complaint defines the Preference Period as the one-year period preceding the Petition Date and mistakenly contends that Trustee "is entitled to a presumption of insolvency for each Transfer made during the Preference Period."  See Fact ¶¶ 2 & 8 above.  Under Section 547(f), Trustee is entitled to a presumption of insolvency only on and during the 90 days preceding the Petition Date, and, the Transfer was made prior to the period of presumed insolvency.  The Complaint, therefore, contains insufficient factual allegations regarding insolvency as the presumption of insolvency is inapplicable.  And again, identifying the specific PostRock Debtor making the Transfer is the critical first step because it is that entity's solvency that is at issue.

Under Section 101(32)(A), a corporate debtor is generally insolvent when "the sum of such entity's debts is greater than all of such entity's property, at a fair valuation."  When insolvency is an element of a claim, the plaintiff should allege facts to plausibly establish that debtor's liabilities exceeded its assets at the time of the transfer through balance sheet facts.  Licking River Mining, 565 B.R. at 815-16 (citing Sarachek v. The Right Place Inc.) (In re Agriprocessors, Inc.), 2011 WL 4621741, *6-7 (Bankr. N.D. Iowa 2011)).  The Complaint's allegations that financial difficulties placed significant stress on the PostRock Debtor's liquidity position in the years leading up to the Petition Date is insufficient.  See Fact ¶ 1 above.  Liquidity

issues, in and of themselves, do not make an entity insolvent.  In his Response to the Motion,

Trustee argues the Complaint "alleged that Debtor(s)' insolvency occurred within the lookback

period as prescribed by § 547, and confirmed by the Debtor(s)' bankruptcy schedules and

creditors' claims."  Response at 6.  However, a debtor's bankruptcy schedules and/or its claims

register are not somehow automatically incorporated as part of the Complaint.  See Hunter v.

Mangold (In re Mangold), 145 B.R. 16, 18 (Bankr. N.D. Ohio 1992) ("There is a distinction

between insolvency as defined by the Bankruptcy Code and mere non-liquidity.").  Even if the

Court were to take judicial notice of them, Trustee would still be obligated to distill the

information to that which sufficiently supports the allegation of insolvency in the Complaint.[4]

Pointing to a debtor's schedules and creditors' claims is also problematic because insolvency as

of the Petition Date does not prove insolvency at the time the Transfer was made on December 4,

2015, four months prior to the Petition Date.  Martyak v. Tioga Cnty., New York (In re Martyak),

432 B.R. 25, 37 (Bankr. N.D. N.Y. 2010) (citing Burdick v. Lee, 256 B.R. 837, 840 (D. Mass.

2001) (citing McColley v. Jacobs (In re North American Dealer Group, Inc.), 62 B.R. 423, 428

(Bankr. E.D. N.Y. 1986))).

        In addition to its failure to sufficiently detail (i) the Transfer and the antecedent debt(s) it

was made on account of and (ii) allege facts sufficient to establish the relevant debtor's

insolvency at the time of the Transfer, there is another shortcoming in the Complaint.  Trustee

alleges Edelman was, at all relevant times, an "insider," as that term is defined by Section

101(31) of the Bankruptcy Code, but gives no information or description of the relationship

---

[4]The Court can take judicial notice of its docket and the papers on file as long as it does
not accept the truth of the matters asserted in those papers. "  Expert South Tulsa, 522 B.R. at
654.

between the parties.  <u>See</u> Fact ¶ 4 above.  Without more, such statement is a legal conclusion, not a factual allegation.

In his Response, Trustee first states that "[Edelman] does not dispute that [s]he is an insider as defined in the Bankruptcy Code."  But the purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, and a defendant has no obligation to admit or deny factual allegations, or in this case, admit or deny Trustee's legal conclusion of Edelman's insider status.  Next, Trustee's Response states that Edelman was "a director and/or officer of one or more of the Debtor(s)."  But a plaintiff cannot simply amend a complaint by adding factual allegations in its response to a motion to dismiss.  <u>Abdulina v. Eberl's Temp. Servs., Inc.</u>, 79 F.Supp.3d 1201, 1206 (D. Colo. 2015) (citing <u>Jojola v. Chavez</u>, 55 F.3d 488, 494 (10th Cir. 1995)); <u>MVT Servs., LLC v. Cardenal Express, S.A. de C.V.</u>, 2015 WL 13050027, *2 (D. N.M. 2015) (quoting <u>In re Sanofi-Aventis Sec. Litig.</u>, 774 F.Supp.2d 549, 562 (S.D. N.Y.  2011) ("'It is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss.'")).  Further, even had Trustee made such factual allegation in the Complaint, it would not have been enough.  Insider status simply cannot be determined in this case without knowing both (i) the identity of the PostRock Debtor(s) of which Edelman is an alleged officer or director, **and** (ii) the identity of the PostRock Debtor making the Transfer to Edelman.

In light of these seemingly obvious deficiencies, the Complaint does not plausibly state a claim for avoidance of a preferential transfer under Section 547(b) and must be dismissed without prejudice for failing to state a claim.  Trustee is granted leave to amend the Complaint within twenty (20) days of entry of this Order to include the necessary factual allegations set forth above.

## II.     TRUSTEE'S COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM UNDER SECTION 548 OF THE BANKRUPTCY CODE.

Trustee's second, and alternative, claim for relief is to avoid the Transfer as a fraudulent transfer pursuant to Section 548(a)(1)(B).  The purpose of Section 548 is "to prevent the debtor from depleting the resources available to creditors through gratuitous transfers of the debtor's property."  Walker v. Treadwell (In re Treadwell), 699 F.2d 1050, 1051 (11th Cir. 1983).  The most commonly stated elements of a constructively fraudulent transfer under Section 548(a)(1)(B) are:  "(1) that the debtor had an interest in property; (2) that a transfer of that interest occurred within [two years] of the filing of the bankruptcy petition; (3) that the debtor was insolvent or was rendered insolvent as a result of the transfer; and (4) that the debtor received less than a reasonably equivalent value in exchange for the transfer."  Zubrod v. Keffer (In re Keffer), 307 B.R. 731, *2 (10th Cir. BAP 2004) (citing BFP v. Resolution Trust Corp., 511 U.S. 531, 535 (1994)).  However, there are three alternatives to the insolvency requirement under Section 548(a)(1)(B)(ii).  Howell v. Fulford (In re Southern Home and Ranch Supply, Inc.), 561 B.R.  810, 814 (Bankr. N.D. Ga. 2016).  Instead of proving insolvency, a plaintiff may prove that at the time of the transfer in question:  (i) the debtor was engaging in a transaction for which it was unreasonably undercapitalized; (ii) debtor intended to or would incur debts beyond its ability to repay; or (iii) the transfer was made to or for the benefit of an insider under an employment contract not in the ordinary course of business.  11 U.S.C. § 548(a)(1)(B)(ii); Ryan v. Montoya (In re Gonzales), 2011 WL 2619609, *4 (Bankr. D. N.M. 2011).

A complaint is insufficient when its allegations "simply mirror the language of Section 548(a)(1)(B)."  In re AgFeed USA, LLC, 546 B.R. 318, 337 (Bankr. D. Del. 2016).  Unlike an

avoidance action under Section 547, there is no presumption of insolvency of the debtor on and during the 90 days immediately preceding the filing of the petition for purposes of Section 548 fraudulent transfers.  Dershaw v. Ciardi (In re Rite Way Electric, Inc.), 510 B.R. 471, 482 (Bankr. E.D. Penn. 2014); Fulmer v. Norris (In re Gustafson), 381 B.R. 259, 262 (Bankr. W.D. Ark. 2008); Boudreaux v. Holloway (In re Holloway), 2015 WL 1545376, *9 (Bankr. S.D. Ga. 2015).

Trustee's alleged Section 548 cause of action has some of the same deficiencies as his alleged Section 547 cause of action.  First, the Complaint does not indicate which of the six PostRock Debtors allegedly made the Transfer to Edelman.  See AgFeed USA, 546 B.R. at 337. Second, Trustee cannot meet the fraudulent transfer requirement of Section 548(a)(1)(B)(ii) with the insolvency alternative because (i) minimal allegations of insolvency, as set forth in the Complaint, are insufficient to satisfy the Twombly/Iqbal plausibility standard and (ii) there is no presumption of insolvency under Section 548.  Expert South Tulsa, 522 B.R. at 653; see also Gavin Solmonese, LLC v. Shyamsundar (In re Amcad Holdings, LLC), 579 B.R. 33, 38-39 (Bankr. D. Del. 2017) (citing Miller v. Welke (In re United Tax Grp., LLC), Adv. No. 16-50088, 2016 WL 7235622, at *3-4 (Bankr. D. Del. Dec. 13, 2016) (finding that a trustee's allegation that the debtor was balance sheet insolvent was too conclusory to demonstrate insolvency)).  Nor are there any factual allegations whatsoever to support the alternative legal conclusions in Section 548(a)(1)(B)(ii) that the particular PostRock Debtors were either (i) unreasonably undercapitalized with respect to transactions they were undertaking or (ii) were intending to or incurring debts beyond their ability to repay.  See Fact ¶ 13 above.

Additionally, the Complaint is deficient because it does not plead sufficient facts to establish that the particular PostRock Debtor making the Transfer received less than reasonably equivalent value for the Transfer as required by Section 548(a)(1)(B)(i).  Rentas v. Olavarria (In re Editorial Flash, Inc.), 2016 WL 3638471, *5 (Bankr. D. P.R. 2016).  Although pleading in the alternative is permissible, the factual allegations necessary to support alternative causes of action are often inconsistent, as is with the case with Sections 547 and 548.  The facts of Trustee's alternative Count II regarding this potentially fraudulent transfer under Section 548 do not allege with any specificity that no consideration was received, or that there was no antecedent debt, or that the consideration received was valued at less than the amount of the Transfer.  See Fact ¶ 11 above.  Without any such allegations, the Court cannot plausibly conclude that reasonably equivalent value was not received in connection with the Transfer.  Licking River Mining, 565 B.R. at 815; Rite Way, 510 B.R. 482-83.

Finally, in his Response, Trustee incorrectly contends that because of his outsider status he is entitled to a less stringent standard when the sufficiency of his fraudulent transfer cause of action is being evaluated.  Courts have so held when a transfer is claimed as actually fraudulent pursuant to Section 548(a)(1)(A).  Picard v. Cohmad Sec. Corp. (In re Bernard L. Madoff Inv. Sec. LLC), 454 B.R. 317, 329 (Bankr. S.D. N.Y. 2011) (citing Nisselson v. Softbank AM Corp. (In re MarketXT Holdings Corp.), 361 B.R. 369, 395 (Bankr. S.D. N.Y. 2007)).  But here, Trustee claims the Transfer is constructively fraudulent pursuant to Section 548(a)(1)(B) and the relaxed standard is not applicable.

A plaintiff's complaint cannot simply parrot the statutory language of Section 548(a)(1)(B) without recitation of facts supporting those legal conclusions, as doing so does not

16

apprise the defendant of the claims made against him. <u>Editorial Flash</u>, 2016 WL 3638471, *5. For the most part, Trustee's alleged fraudulent transfer cause of action is little more than mindless repetition of the statutory elements.

As a result, the Complaint does not plausibly state a claim for relief under Section 548 and must be dismissed without prejudice for failing to state a claim. Trustee is granted leave to amend the Complaint within twenty (20) days of entry of this Order to include the necessary factual allegations set forth above.

<u>**CONCLUSION**</u>

Consistent with the preceding analysis, Trustee's causes of action for preferential and fraudulent transfers under Sections 547 and 548 of the Bankruptcy Code fail to state a claim. Counts III and IV of the Complaint for recovery of the avoided transfer under Section 550 and/or disallowance of the transferee's claims under Section 502(d) & (j) on account of the avoided transfer are dependent upon avoidance under Section 547 and 548. As a result, they must also be dismissed. Therefore, the Complaint is dismissed in its entirety, but with leave to amend. Trustee is granted twenty (20) days from the date of entry of this Order to file an amended complaint. Trustee is strongly cautioned against further pleading in a conclusory fashion, as further leave to amend will not be granted.

IT IS SO ORDERED.

# # #

17